DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PERNELL R. ROBERTS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-0689

[July 17, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Daniel Arthur Casey, Judge; L.T. Case No. 20006268CF10A.

Carey Haughwout, Public Defender, and Erika Elizabeth Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant raises four issues on appeal. We find merit in only one; as to the other three, we affirm without discussion. As to the meritorious issue, the State has appropriately conceded error.

The defendant's sentence on Count 1 included a twenty-five-year mandatory minimum term of imprisonment for actual possession or discharge of a firearm. However, he was not charged with actual possession or discharge of the firearm, and the jury did not make a specific finding in this regard. Additionally, the judgments for Counts 1 and 3 incorrectly contain references to section 775.087, Florida Statutes (2020).

Vicarious liability will not substitute for actual possession or discharge of the firearm for this sentencing requirement. *Squire v. State*, 278 So. 3d 153, 156 (Fla. 4th DCA 2019). Here, there was no allegation, evidence, or jury finding of actual possession or discharge of the firearm by the defendant. Rather, through the allegations, evidence, and jury findings, there is no question the accomplice was the party who had actual

possession of, and discharged, the firearm.

We, therefore, reverse the imposition of the twenty-five-year mandatory minimum sentence for Count 1. As with *Squire*, a resentencing hearing is not required. We remand with instructions to the trial court to ministerially amend (1) the judgment as to Counts 1 and 3 to delete the references to section 775.087, Florida Statutes (2020), and (2) the written sentence entered for Count 1 to delete the twenty-five-year mandatory minimum sentence.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, LEVINE and CONNER, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***